[Cite as *In re McMurray*, 2011-Ohio-4353.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263

IN RE: KEVIN D. MCMURRAY

DOROTHY CONLEY

SANDRA HAMM

RONDA L. MCMURRAY

JEREMY MOORE

      Applicants
 Case No. V2010-50582

Commissioners:
Susan G. Sheridan, Presiding
Karl C. Kerschner
Randi M. Ostry

ORDER OF A THREE-
COMMISSIONER PANEL

---

{1}On December 3, 2009, the applicants filed a compensation application as the result of the death of Kevin McMurray. On March 18, 2010, the Attorney General issued a finding of fact and decision determining that Kevin McMurray qualified as a victim of criminally injurious conduct. An award was granted in the amount of $6,843.03 for funeral expense which was distributed as follows: Denzer-Farison-Hottinger & Snyder Funeral Home, $2,860.03; Applicant, Jeremy Moore, $1,483.00; applicant, Dorothy Conley, $1,000.00; and applicant, Sandra Hamm, $1,500.00. Applicant Ronda McMurray submitted a claim for dependent's economic loss, however, the Attorney General denied this claim due to the lack of documentation.

{2}On April 16, 2010, applicant Ronda McMurray submitted a request for reconsideration. On May 17, 2010, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On June 17, 2010, applicant Ronda

McMurray filed a notice of appeal from the May 17, 2010 Final Decision of the Attorney General.

{3}On September 27, 2010, the Attorney General filed a brief. The Attorney General asserted that the applicant failed to prove, by a preponderance of the evidence, that she was receiving financial support from the decedent prior to his death. The Attorney General's investigation revealed that, according to the Social Security Administration the decedent had last worked in 2004 and received an annual income of $8,684.27. While the decedent applied for benefits from the Social Security Administration his claim was rejected twice and was on appeal with a hearing not expected until 2012. The Attorney General also submitted the applicant's answer to question 13 on a letter the Attorney General submitted to the applicant on December 4, 2009. The question and answer stated as follows:

" 13. Please provide copies of the victim's payroll earnings statements for six (6) weeks prior to the injury and/or a copy of the tax return for the year prior to the injury. Provide the complete name and address of the employer the victim either was working for at the time of the injury or the last employer worked for. Please document all household income at the time of the incident, including SSI/SSD benefits. [Answer] Kevin McMurray's dad Lester McMurray paid for all bills ex."

{4}The Attorney General contends that the uncorroborated statements of the applicant are insufficient to support a claim for dependent's economic loss. The Attorney General cites *In re Barber*, V78-3915jud (10-9-80), for this proposition. Finally, *In re Eader* (1982), 20 Ohio Misc. 17 is cited to emphasize that the burden of proof rests firmly on the applicant to prove her case. The Attorney General asserts the applicant has failed to do so in this case. The applicant also indicated that the decedent had a minor child, Ashley Rice. However, the Attorney General's investigation revealed that this child is receiving Social Security Survivor benefits of $463.00 per month which are currently being paid to the Marion Area Counseling Center. The Attorney General noted that if evidence can be submitted to show the

decedent was providing monthly financial support in excess of the $463.00, the filing of a supplemental compensation application would be appropriate.

{5}On October 19, 2010, the Attorney General submitted documentation from the Department of Jobs and Family Services concerning the applicant.   The documents reveal that in 2007 Kevin, the decedent, and Ronda, the applicant, sought the assistance of Jobs and Family Services.   Kevin stated both were unemployed and they lived with his father.   The father expected $300.00 per month for rent however, this was not paid since neither had a job.   The records indicate Kevin was approved for food stamps, but was subsequently incarcerated.   The records revealed Kevin had no income, paid no rent or utilities, and all expenses were paid by his father.   Although Kevin was approved for food stamps, Ronda was not since she had been determined ineligible.   By 2008, Kevin  remained unemployed, and not financially contributing to the support of his wife Ronda.   A remark in the case notes file dated 3/10/2009 states:

> "He (Kevin) stated he hadn't worked since he died.   And then explained that he had a massive heart attack in 2005 and is unable to work now due to the stint they put in.   I let Kevin know that he would be exempt from participating if he could get a Dr. statement stating that he was unable to work.   He said that he wouldn't be here except his wife (Ronda) was making him come.   We talked about his felony record and he stated that he was in prison and has multiple felonies for attempted murder and weapon charges.   Stated he didn't like his step son and that he wanted to push him out of the window.   Stated that these requirements were going to put him back into a straight jacket."

{6}The notation in the case notes dated 10/28/09 stated "Kevin McMurray died on 10-25-09."   From a review of the records it appears that Kevin McMurray received food stamps for himself from Jobs and Family Services, between $155.00 to $162.00 per month.

{7}On November 8, 2010, the applicant submitted a brief.   The applicant asserts that she was supported "100%" by the decedent during their 17 year marriage.

The applicant attached a notarized letter from her mother which states she is now supporting the applicant since the death of Kevin McMurray. The applicant argues that she suffered dependent's economic loss based on the loss of food stamps and the rent fee arrangement she received from Kevin through his father.

{8}On January 5, 2011, a hearing was held before this panel of commissioners at 11:30 A.M. The applicant's attorney Byron Potts was present, while Assistant Attorney General Georgia Verlaney represented the state of Ohio. Both parties stated they wished to rest on their briefs and the hearing was concluded.

{9}R.C. 2743.51(D) states:

"(D) 'Dependent' means an individual wholly or partially dependent upon the victim for care and support, and includes a child of the victim born after the victim's death."

{10}R.C. 2743.51(E) states:

"(E) 'Economic loss' means economic detriment consisting only of allowable expense, work loss, funeral expense, unemployment benefits loss, replacement services loss, cost of crime scene cleanup, and cost of evidence replacement. If criminally injurious conduct causes death, economic loss includes a dependent's economic loss and a dependent's replacement services loss. Noneconomic detriment is not economic loss; however, economic loss may be caused by pain and suffering or physical impairment."

{11}R.C. 2743.51(I) in pertinent part states:

"(I) 'Dependent's economic loss' means loss after a victim's death of contributions of things of economic value to the victim's dependents, not including services they would have received from the victim if the victim had not suffered the fatal injury, less expenses of the dependents avoided by reason of the victim's death."

{12}A judge of the Court of Claims stated:

"*** as a matter of law *** the weight of inferences of dependency and consequent entitlement to a finding of economic loss and/or dependent's replacement services loss based solely on a self serving claimant's affidavit, which is (a) [u]nsupported by competent corroborative testimony, documents or other probative facts; and/or (b) [w]here the record contains inconsistent and/or contradictory facts, which are unexplained; is not sufficient, as a matter of law, to support a finding of dependency on which an award can be based." *In re Barber*, V78-3915jud (10-9-80).

{13}"The only way to prevent fraud and abuse of benefits available under Crime Victim's Compensation Program, is to demand sufficient evidence of economic loss***although it may cause inconvenience, the only reliable method of establishing the alleged economic loss is to place the burden squarely on those who will benefit from the award.  Only in this manner may we be guaranteed continued integrity and equitable disbursement of the reparations rotary fund."  *In re Eader* (1982), 70 Ohio Misc. 17, 21, quoting *In re Martin*, V77-1308jud (8-23-79).

{14}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{15}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause.  The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{16}From review of the case file and the briefs of the parties, we find the applicant has failed to prove, by a preponderance of the evidence, that she incurred dependent's economic loss as the result of Kevin McMurray's death.  A review of the file revealed the couple was staying rent free at Kevin's father's apartment.  The applicant failed to produce a single document which evidenced that the decedent paid

rent to his father and the file is devoid of even a description of the "odd jobs" Kevin supposedly performed for his father in lieu of rent. A review of the case notes from Jobs and Family Services reveals the food stamps were intended for Kevin's personal use. Records reflect the applicant had sanctions placed against her so she was ineligible to receive benefits. Accordingly, the applicant has failed to prove, by a preponderance of the evidence, that she incurred dependent's economic loss. Therefore, the May 17, 2010 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{17}1) The May 17, 2010 decision of the Attorney General is AFFIRMED;

{18}2) This claim is DENIED and judgment is rendered in favor of the state of Ohio;

{19}3) Costs are assumed by the court of claims victims of crime fund.

_____
SUSAN G. SHERIDAN
Presiding Commissioner

_____
KARL C. KERSCHNER
Commissioner

_____
RANDI M. OSTRY
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\March 2011\V2010-50582 McMurray.wpd\DRB-tad
A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Marion County Prosecuting Attorney and to:

Filed 3-9-11
Jr. Vol. 2278, Pgs. 26-32
Sent to S.C. Reporter  8-30-11